UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LINDA MADDOX,** | }<br>}<br>} |
| Plaintiff, | }<br>} |
| v. | } Case No.: 2:15-cv-00312-MHH<br>} |
| **ALABAMA DEPARTMENT OF TRANSPORTATION,** | }<br>}<br>}<br>} |
| Defendant. | } |

## MEMORANDUM OPINION

This matter is before the Court on the defendants' motion for summary judgment. (Doc. 49). Ms. Maddox alleges that Alabama Department of Transportation (ALDOT) violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, by failing to provide reasonable accommodations to her and forcing her to retire. (Doc. 17, ¶¶ 27–37).[1] ALDOT asks the Court to grant summary judgment in its favor on Ms. Maddox's claim. (Doc. 49, p. 1). It argues that Ms. Maddox cannot establish a prima facie case of discrimination because

---

[1] In her complaint, Ms. Maddox also asserted claims for prospective injunctive relief against Mr. Cooper under Title I and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213. (Doc. 17, p. 10). She does not, however, seek prospective injunctive relief from Mr. Cooper. (*See* Doc. 52-1, pp. 42–45, tpp. 168–78 (asking for damages to compensate for Mr. Cooper's failure to transfer her to a clean air environment, not for prospective injunctive relief)). Moreover, Ms. Maddox has retired from ALDOT, so it is not clear how prospective injunctive relief could benefit her. Accordingly, the Court will grant the defendants' motion for summary judgment with respect to Ms. Maddox's claims against Mr. Cooper.

ALDOT did not refuse to provide her a reasonable accommodation or force her to retire. (Doc. 51, p. 22). On October 4, 2017, the Court heard oral arguments on ALDOT's motion for summary judgment.[2] For the reasons discussed on the record at that hearing, and for the reasons stated below, the Court will grant the defendants' motion for summary judgment.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To demonstrate that there is a genuine dispute as to a material fact that precludes summary judgment, a party opposing a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). When considering a summary judgment motion, the Court must view the evidence in the record and draw reasonable inferences in the light most favorable to the non-moving party. *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015). "The court need consider only the cited

---

[2] A court reporter was present for the proceeding and a transcript is available upon request.

materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

## ANALYSIS

The standards used to determine whether an employer has violated the Rehabilitation Act are the same as the standards applied under Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12111 et seq. *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1526 n.2 (11th Cir. 1997) (quoting 29 U.S.C. § 794(d)) ("The Rehabilitation Act, 29 U.S.C. § 791–796(1), provides, in pertinent part, that '[t]he standards used to determine whether this section has been violated in a complaint alleging [nonaffirmative action] employment discrimination under this section shall be the standards applied under [T]itle I of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12111 et seq.).'"). "Title I of the ADA provides that no covered employer shall discriminate against 'a qualified individual with a disability because of the disability of such individual' in any of the 'terms, conditions, [or] privileges of employment.'" *Holbrook*, 112 F.3d at 1526 (quoting 42 U.S.C. § 12112(a)). To establish a prima facie case of discrimination under the ADA, a plaintiff "must prove that (1) [s]he has a disability; (2) [s]he is a qualified individual; and (3) [s]he was subjected to unlawful discrimination because of h[er] disability." *Holbrook*, 112 F.3d at 1526 (citing *Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996)). "An

employer unlawfully discriminates against a qualified individual with a disability when the employer fails to provide 'reasonable accommodations' for the disability—unless doing so would impose undue hardship on the employer. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001) (quoting 42 U.S.C. § 12112(b)(5)(A)) (citing 29 C.F.R. § 1630.9(a)).

> Under the ADA, the term "reasonable accommodation" may include, *inter alia*, "job restructuring, parttime or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B). This list notwithstanding, "[t]he use of the word 'reasonable' as an adjective for the word 'accommodate' connotes that an employer is not required to accommodate an employee in any manner in which that employee desires." *Lewis v. Zilog, Inc.*, 908 F. Supp. 931, 947 (N.D. Ga. 1995). This is so because the word "reasonable" would be rendered superfluous in the ADA if employers were required in every instance to provide employees "the maximum accommodation or every conceivable accommodation possible." *Lewis*, 908 F. Supp. at 947; *see also Vande Zande v. State of Wis. Dept. of Admin.*, 851 F. Supp. 353, 360 (W.D. Wis. 1994) ("an employee is entitled only to a reasonable accommodation and not to [a] preferred accommodation"), *aff'd*, 44 F.3d 538 (7th Cir. 1995). Stated plainly, under the ADA a qualified individual with a disability is "not entitled to the accommodation of her choice, but only to a reasonable accommodation." *Lewis*, 908 F. Supp. at 948.
>
> Moreover, the burden of identifying an accommodation that would allow a qualified individual to perform the job rests with that individual, as does the ultimate burden of persuasion with respect to demonstrating that such an accommodation is reasonable. *Willis v. Conopco*, 108 F.3d 282, 283 (11th Cir. 1997).

*Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285–86 (11th Cir. 1997).

ALDOT does not dispute that Ms. Maddox suffers from asthma that is exacerbated by her allergies to dust and asphalt. (*See* Doc. 51, pp. 25, 27). For purposes of resolving ALDOT's motion for summary judgment, the Court assumes, without deciding, that Ms. Maddox can prove she has a disability as defined under the ADA. ALDOT provided a number of accommodations to Ms. Maddox to address her disability. ALDOT allowed Ms. Maddox to leave work anytime the asphalt fumes affected her breathing. (Doc. 52-1, p. 35, tpp. 138–39). It provided an air purifier for Ms. Maddox's office. (Doc. 52-1, p. 47, tpp. 186–87). ALDOT even relocated its asphalt lab to the rear of the building in which Ms. Maddox worked (Doc. 52-1, p. 64, tp. 256), and replaced the air ventilation system in that building (Doc. 52-1, pp. 64–65, tpp. 256–58). ALDOT offered to transfer Ms. Maddox to the District 5 office in Shelby County. (Doc. 52-1, p. 47, tp. 188). Ms. Maddox declined this transfer and asked instead for a transfer to the main office. (Doc. 52-1, pp. 47–48, 51, tpp. 188–89, 203). ALDOT offered to transfer Ms. Maddox to the main office but, because the main office was undergoing mold remediation, ALDOT conditioned its transfer offer on Ms. Maddox obtaining a letter from her doctor stating that the main office would provide a safe environment for Ms. Maddox to work. (Doc. 52-1, pp. 51, 54, tpp. 203, 216). Ms.

Maddox acknowledges that her doctor was not willing to provide such a letter and that the mold in the main office might have caused health problems for her. (Doc. 52-1, p. 59, tpp. 234–35). Ms. Maddox argues that ALDOT should have allowed her to take sick leave until a clean-air environment could be created in which she could work. (Doc. 52-1, p. 65, tp. 260).

The Court is sympathetic to Ms. Maddox's frustration, but the Rehabilitation Act does not require an employer to create an environment completely free of fumes, dust, mold, or other allergens to accommodate an employee's health condition. ALDOT was required to provide Ms. Maddox with reasonable accommodations, not the maximum accommodation or the accommodation of her choice. ALDOT offered several accommodations to Ms. Maddox, including allowing her to leave work any time the office conditions affected her breathing. Under the circumstances presented, this accommodation was tantamount to Ms. Maddox's request for sick leave. Thus, ALDOT satisfied its legal obligation to accommodate Ms. Maddox.

## CONCLUSION

Accordingly, for the reasons explained above and stated on the record at the hearing, the Court finds that Ms. Maddox cannot establish a prima facie case of discrimination under the Rehabilitation Act. The Court GRANTS the defendants'

motion for summary judgment (Doc. 49). The Court will enter a separate final judgment.

DONE this 3rd day of July, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE